# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
JAMES SCHUTTE, as guardian and
conservator of CAROLYN
SCHUTTE, an incapacitated and
disabled person,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.
* * * * * * * * * * * * * * * * * * * *

No. 14-239V

Special Master Christian J. Moran

Filed: February 24, 2015

Damages; decision based on proffer; tetanus, diphtheria, acellular pertussis ("Tdap") vaccine; on-Table encephalopathy.

Leland F. Dempsey, Dempsey & Kingsland, P.C., Kansas City, MO, for Petitioner;
Lisa A. Watts, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On March 28, 2014, James Schutte, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 through 34, on behalf of his spouse, Carolyn Schutte, alleging that Carolyn suffered the Table injury of encephalopathy resulting from her receipt of the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on June 22, 2011. On July 31, 2014, the undersigned determined that petitioner is entitled to compensation under the Vaccine Act.

On February 23, 2015, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer, the court awards petitioner:

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

**A.** A lump sum payment of **$1,594,506.14**, representing compensation for life care expenses expected to be incurred the first year after judgment ($169,089.65), lost earnings ($1,175,416.49), and pain and suffering ($250,000.00), in the form of a check payable to petitioner, James Schutte, as guardian/conservator of Carolyn Schutte, for the benefit Carolyn Schutte.

**B.** A lump sum payment of **$88,598.50**, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner, James Schutte.

**C.** An amount sufficient to purchase the annuity contract described in section II.C. of the attached Proffer ("Appendix A").

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JAMES SCHUTTE, as guardian and conservator of CAROLYN SCHUTTE, an incapacitated and disabled person, ) ) ) ) **ECF** | |
| Petitioner, ) ) | |
| v. ) | No. 14-239V |
| ) | Special Master |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) ) | Christian J. Moran |
| Respondent. ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

   A.    Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CNCLP, CCM, and petitioner engaged Liz Kattman, BS, MS, to provide an estimation of Carolyn Schutte's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine-related" is as described in respondent's Rule 4(c) Report filed July 23, 2014. All items of compensation identified in the life care plan are illustrated by the chart entitled Appendix A: Items of Compensation for Carolyn Schutte, attached hereto as Tab A.[1] Respondent proffers that Carolyn Schutte should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

  B. <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Carolyn Schutte has suffered a loss of earnings in the past and will not be gainfully employed in the future.  Therefore, respondent proffers that Carolyn Schutte should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Carolyn Schutte's lost earnings is $1,175,416.49.  Petitioner agrees.

  C. <u>Pain and Suffering</u>

Respondent proffers that Carolyn Schutte should be awarded $250,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  <u>See</u> 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

  D. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to Carolyn Schutte's vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $88,598.50.  Petitioner agrees.

  E. <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens against Carolyn Schutte.

**II.** **<u>Form of the Award</u>**

The parties recommend that the compensation provided to Carolyn Schutte should be made through a combination of lump sum payments and future annuity payments as described

below, and request that the Special Master's decision and the Court's judgment award the following:[2]

    A.  A lump sum payment of $1,594,506.14, representing compensation for life care expenses expected to be incurred during the first year after judgment ($169,089.65), lost earnings ($1,175,416.49), and pain and suffering ($250,000.00) in the form of a check payable to petitioner as guardian/conservator of Carolyn Schutte, for the benefit Carolyn Schutte.  Petitioner has filed documentation establishing that he has been appointed as the guardian/conservator of Carolyn Schutte's estate.  <u>See</u> Petitioner's Exhibit 33.  If petitioner is not currently authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Carolyn Schutte, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Carolyn Schutte upon submission of written documentation of such appointment to the Secretary.

    B.  A lump sum payment of $88,598.50, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner, James Schutte.

    C.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2]  Should Carolyn Schutte die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner (or any other party who is appointed) as guardian/conservator of the estate of Carolyn Schutte, only so long as Carolyn Schutte is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as Carolyn Schutte is alive at the time that a particular payment is due.

---

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Carolyn Schutte's death.

3. <u>Guardianship</u>

Petitioner has filed documentation establishing that he has been appointed as the guardian/conservator of Carolyn Schutte's estate. <u>See</u> Petitioner's Exhibit 33. If petitioner is not currently authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Carolyn Schutte, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Carolyn Schutte upon submission of written documentation of such appointment to the Secretary.

**III. Summary of Recommended Payments Following Judgment**

A. Lump Sum paid to petitioner as guardian/conservator of Carolyn Schutte's estate: **$1,594,506.14**

B. Lump Sum paid to petitioner, James Schutte: **$ 88,598.50**

C. An amount sufficient to purchase the annuity contract described above in section II. C.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 616-4099

Dated: February 23, 2015.